**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEOFFREY BROWN, AKA John Jacob Reyes,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>JAMES E. TILTON; EDMUND G. BROWN, Jr.,<br><br>    Respondents - Appellees. | No. 09-56142<br><br>D.C. No. 3:07-cv-01724-BTM-RBB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted March 6, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

  Geoffrey Brown ("Brown") appeals the district court's denial of his habeas

corpus petition. We consider on appeal whether Brown was prejudiced by a single

_____

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

erroneous jury instruction stating that murder is a general intent crime.

On habeas review, where a constitutional error is found, "a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht* . . . ." *Fry v. Pliler,* 551 U.S. 112, 121 (2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)); *see also Merolillo v. Yates*, 663 F.3d 444, 454 (9th Cir. 2011); *Ybarra v. McDaniel*, 656 F.3d 984, 995 (9th Cir. 2011); *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010) (*Brecht* is the correct test for prejudice on collateral review, therefore "we need not conduct an analysis under AEDPA of whether the state court's harmlessness determination on direct review . . . was contrary to or an unreasonable application of clearly established federal law.") (citing *Fry*, 551 U.S. at 119-20). *Brecht* requires reversal only if the error had a "substantial and injurious effect or influence on determining the jury's verdict." *Brecht*, 507 U.S. at 637 (internal citation omitted).

We review the record as a whole to determine whether there was substantial and injurious effect. *Pulido*, 629 F.3d at 1012. Thus, "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973)) (internal quotation marks omitted).

Here, the trial judge informed the jury of the requisite mental state shortly after the erroneous instruction was given. The trial court subsequently provided the correct jury instructions for murder; malice aforethought, including express and implied malice; and second degree murder. In addition, the court responded to a note from the jury and explicitly explained that to find Brown guilty of murder as charged, it was necessary for the jury to find beyond a reasonable doubt each element of murder as listed in CALJIC 8.10 and each element of second degree murder as listed in CALJIC 8.31. The jury was therefore properly instructed that it needed to find that "the killing was done with malice aforethought" to find Brown guilty. Moreover, there was substantial evidence presented at trial for the jury to find, beyond a reasonable doubt, that Brown acted with implied malice.

We hold that the instructional error was harmless because it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht,* 507 U.S. at 637 (internal citation omitted).

We AFFIRM the district court's denial of Brown's petition for writ of habeas corpus.